UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-CR-60079-AMC

UNITED STATES OF AMERICA

vs.

MICHAEL MIZRACHY,

        Defendant.
_____/

## DETENTION ORDER

On March 1, 2021, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether Defendant Michael Mizrachy ("Defendant") should be detained prior to trial. The Government sought to detain Defendant on the grounds that he poses a danger to the community. *See* 18 U.S.C. § 3142(f)(1)(e). Accordingly, having considered the factors enumerated in 18 U.S.C. § 3142(g), the Government's factual proffer, the Pretrial Services Report ("PSR"), the arguments of counsel, and the testimony of a defense witness, this Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of others and the community if Defendant is released prior to trial. Therefore, this Court orders that Defendant be detained prior to trial and until the conclusion thereof.

In accordance with 18 U.S.C. § 3142(i)(1), the Court makes the following findings of fact and statement of reasons for the detention:

    1.    Defendant is charged by criminal complaint with one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). If convicted, Defendant faces a possible maximum sentence of up to twenty (20) years' imprisonment.

[1]

2. The weight of the Government's evidence against Defendant is substantial. At the hearing, the Government proffered evidence and the law enforcement agent testified that:

   a. Around June 2020, law enforcement received a CyberTip from the National Center for Missing and Exploited Children that a video (the "subject video") depicting child pornography had been uploaded to a Yahoo email account, with a user name "Orange Theory" and an email address "orangetheorysignup@yahoo.com." ("Yahoo Account 1").

   b. Yahoo Account 1's computer IP address was 76.235.212.159, which corresponded to an account registered to Defendant's residence ("Target IP Address").[1]

   c. Subsequently, law enforcement searched Yahoo Account 1. The search led to the recovery of the subject video. The subject video contained images of a 5 or 6-year-old girl being sexually assaulted by an adult male.

   d. Subsequent investigation revealed that Defendant had another Yahoo account ("Yahoo Account 2"). A search of Yahoo Account 2 resulted in the seizure of more than a dozen images of clothed minors, wearing bathing suits, underwear, or shorts. Most of the photographs are taken from the behind, and focus on the minors' buttocks or vaginal area. None of the children appear to be aware that they were being photographed.

   e. On October 20, 2020, law enforcement executed a search warrant at Defendant's residence. During the search, law enforcement recovered Defendant's cellular phone. A subsequent forensic examination of the cellular phone revealed that the subject video had been accessed on Defendant's phone on June 5, 2020.

---

[1] The Target IP Address was assigned to an account belonging to subscriber "M.M.," which law enforcement later determined is Defendant's wife.

    f. After being advised of his *Miranda* rights, Defendant made the following statements to law enforcement. Among other statements, Defendant:

(i) admitted that Yahoo Account 1 is his personal email account. Defendant admitted that Yahoo Account 1 had been active for years and was his "hidden secret;"

(ii) admitted that he received the subject video from an unknown individual on the cell phone application "Kik," watched it, and then emailed it to himself for safekeeping. Defendant initially told law enforcement that he believed the child in the subject video was 14-18 years old, but later admitted that, based on his experience as a pediatrician, he knew the child was a prepubescent minor;

(iii) admitted that he used the cellular phone application "Kik" to have direct sexual communications with minors. Defendant described one such communication with a 15-year-old named "Emily." Emily sent several photographs of herself to Defendant, including sexually explicit photos. Defendant saved these images in Yahoo Account 1, under the subject lines "Emily Lamb 15" and "More Emily;"

(iv) admitted that he had taken the photographs of the children that law enforcement found in Yahoo Account 2. According to Defendant, these children were his daughter's friends, who would come visit Defendant's residence. Most of the children in the photographs appeared to be between 13-15 years old, but one was confirmed to be 10 years old; and

(v) admitted to being sexually aroused by the photographs and being sexually attracted to children as young as 13 years old.

3. Defendant's history and personal characteristics also support pretrial detention. The Court hereby incorporates and makes part of this Order the facts contained in the Pretrial Services Report ("PSR"). Notably, Defendant is a licensed pediatrician and his job gives him unfettered access to potential victims. Further, according to the PSR, Defendant has been residing alone at an apartment complex, with no one to supervise his actions. Furthermore, Defendant is recently divorced and has lost custody of his two children. Lastly, Defendant is currently unemployed and risks losing his medical license.[2]

4. Based on the above findings of fact, the nature of the alleged offense, Defendant's history and personal characteristics, the potential loss of his medical license, and the lack of supervision at his current residence, the Court finds that Defendant poses a danger to himself and the community. In addition, because of Defendant's solitary living arrangement, compliance with the *Adam Walsh Child Protection and Safety Act of 2006* would be impossible to enforce.[3] Under these circumstances, the Court finds that there are no conditions or combination of conditions that would reasonably assure the safety of the community, as required under 18 U.S.C. § 3142.

---

[2] While the government did not seek pre-trial detention on the basis that Defendant was a risk of flight, the Court notes that these facts also support a finding, based on the preponderance of the evidence, that Defendant poses a risk of non-appearance.

[3] The *Adam Walsh Act*, as it is generally known, requires, among other things, that Defendant not: (i) possess a computer, laptop, or cell phone; (ii) have access to the internet; (iii) have access to a scanner, printer, or cell phone, either directly or through a third party's account; (iv) enter any library or public or private internet café; or (v) view or possess any obscene or pornographic material. *See* Pub. L. No. 109-248, 120 Stat. 587.

5. Accordingly, the Court hereby directs that:

    a. Defendant be detained without bond;

    b. Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

    c. Defendant be afforded reasonable opportunity for private consultation with his counsel;

    d. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined, deliver Defendant to a United States Marshal for the purpose of appearance in connection with the court proceedings.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, on March 4, 2021.

*[signature]*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: Pretrial Services
    U.S. Marshal's Service
    All counsel of record