UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-60079-CR-CANNON/HUNT

UNITED STATES OF AMERICA,
    Plaintiff,
v.

MICHAEL MIZRACHY,
    Defendant.
_____/

## DEFENDANT'S OBJECTION AND PETITION FOR REVIEW OF MAGISTRATE'S DETENTION ORDER AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, the Defendant Michael Mizrachy ("Mizrachy"), by and through undersigned counsel, and pursuant to 18 U.S.C. §3142, §3145, 28 U.S.C. §636(b)(1)(A), and Rule 72, Federal Rules of Criminal Procedure and hereby objects to the pre-trial "Detention Order" made by the Honorable Judge Alicia O. Valle, United States Magistrate Judge, on or about March 4, 2021 and requests judicial review of same, and in support states as follows:

PROCEDURAL & FACTUAL HISTORY

1. On or about January 13, 2021, Mizrachy was arrested upon his pre-arranged self-surrender by the Broward County Sheriff's Office ("the State Case"). In the state case, the arrest paperwork indicates two counts of possession of child pornography in violation of Fla. Stat. § 827.071 and a single count of use of a computer device to solicit a child in violation of Fla. Stat. § 827.071.

2. On January 13, 2021, Mizrachy was released on a stipulated bond with the Broward State Attorney's Office as to all three offenses. His monetary bond was imposed at $10,000.00 per count and standard conditions of pretrial release were ordered.

1

3. Mizrachy posted bond in the State Case and was released from custody on January 14, 2021. Between January 14, 2021 and March 1, 2021, Mizrachy remained at large in the community, abiding by all terms and conditions of his pretrial release.

4. On or about February 26, 2021, Mizrachy was arrested on a federal criminal complaint and appeared before the Honorable Magistrate Judge Jared Strauss ("Judge Strauss") for his initial appearance. [DE6].

5. At the hearing, the government sought pretrial detention based on danger. [DE11]. At the hearing, the Court specifically questioned the government as to why Mizrachy presented a danger in March of 2021 when he had been out of custody on bond since January 14, 2021. [DE11:9:11-13]. The government indicated that the standard for bond on the federal and state level are "very different." *Id.*:10:22-25.

6. Detective Erica Rockey ("Det. Rockey") testified on behalf of the government. Det. Rockey confirmed that between October of 2020 [when Mizrachy was the subject of a state residential search warrant] and February 2021 [when he was arrested on a federal criminal complaint] "the only thing" that had occurred was "additional legal processes to different companies" which had not yet been returned. [DE11:16:15-22]. Accordingly, the government conceded through Det. Rockey that no new evidence had been obtained nor any circumstances had changed since Mizrachy was charged in the state case. [DE11:16:23-24; 17:1-9].

7. Det. Rockey also confirmed that in his twenty (20) year career as a physician he had never had a complaint lodged against his medical license and there had been no allegations against Mizrachy of inappropriate behavior with his minor patients. [DE11:20:4-23].

8. Further, Det. Rockey confirmed that any illicit communication involving Mizrachy and his exposed body parts were sent to "an adult coworker." [DE22:8:15]. Although in horribly poor taste, there is nothing criminal about sending an illicit photograph to a consenting and interactive adult female.

9. What is more, Det. Rockey confirmed that although Mizrachy had "downloaded" a platform known for child solicitation on hundreds of occasions, there was no "indication" that he "made any attempts to solicit meeting children in any way" through the application. [DE22:16-19].

10. The defense called Brad Carlton ("the Bondsman"), a bondsman who wrote a bond for Mizrachy in the state case in January of 2021. [DE11:27:22-24].

11. The Bondsman indicated that his issued the bond in the state case because of a variety of factors, including but not limited to: (a) the fact that the monetary aspect of the bond was guaranteed by Mizrachy's parents; (b) the fact that Mizrachy's two siblings were willing to co-guarantee and indemnify the surety; (c) Mizrachy's long history with no criminal conduct; (d) the support of his family and friends. [DE11:27-28].

12. Importantly, the Bondsman testified that Mizrachy had no issues while on bond and the Bondsman had not had any cause to find him for nonappearance or to appear in court for violation of the numerous conditions of his bond. *Id.*

13. Equally important, the Bondsman indicated that Mizrachy's mother, father, and both siblings "are willing to stand behind him" while he traverses the criminal allegations at issue. [DE11:30].

14. In closing remarks, the government argued that the main reason Mizrachy should be considered a "danger" is "because he's been deceptive". [DE11:38:23-25]. In that respect,

the government indicated that Mizrachy had hidden his desire for child pornography from his wife and his family and his professional colleagues. *Id.*:39:1-9.

15. This rationale is grossly insufficient to justify establish "danger" by <u>clear and convincing evidence</u>, particularly where no presumption exists and in light of clear and unambiguous federal law which directs that "liberty" pending trial should be "the norm."

16. Further, it is not unusual or surprising that Mizrachy would conceal his alleged socially deplorable and, criminal conduct from colleagues, family, and friends. Utilizing that fact as a justification for pretrial detention would undoubtedly subject <u>all</u> individuals charged with child pornography offenses to detention.

17. After a hearing, Judge Alicia O. Valle ("Judge Valle") found that Mizrachy is a danger to the community by clear and convincing evidence and that he posed a risk of flight by a preponderance of the evidence.

18. It is notable that after the detention hearing, on March 2, 2021, Mizrachy was indicted on a single count indictment alleging violations of 18 U.S.C. §2252 and 18 U.S.C. § 2253, Possession of Child Pornography. [DE8].

19. Two days later, on March 4, 2021, a detention order ("the D.O.") was entered by Judge Valle indicating that Mizrachy shall be detained pending trial. [DE10].

20. Notably, and as established at the detention hearing, Mizrachy did not flee the jurisdiction, violate any law of the State of Florida, or otherwise indicate in any way that he is a danger to the community for the nearly three (3) months before he was released pending trial in the state case.

21. Further, Mizrachy is forty-nine (49) years old and has lived in the United States for his entire life without being arrested for any criminal act or conduct.

22. What is more, Mizrachy has a strong network of family and friends and is a longtime resident of Broward County, Florida.[1]

23. Next, although the allegations of the indictment are unquestionably serious there are <u>no allegations</u> that Mizrachy:

    a. Committed *sexual battery or attempt of same* on any minor or person whether known or unknown to him at the time.

    b. Solicited any female or male minor *as part of his pediatric practice* or during any patient appointment or visit.

    c. Solicited any female or male minor *in his own home* or through his daughter, who was also a minor.

24. The allegations, instead, allegedly pertain to the possession of images of *fully clothed* minors, who Mizrachy secretly photographed in his home; and/or child pornography images not involving Mizrachy personally, and of individuals who were unknown to him at the time.

25. In the D.O. the Court indicates that Mizrachy is a danger to the community because he has "access" to minors through his occupation as a physician and the fact that he "lives alone." [DE ¶ 3] ("Notably, Defendant is a licensed pediatrician and has access to those that could be his victims . . . Defendant has been residing at an apartment complex alone . . . unsupervised.").

---

[1] The Government alleged that his pending divorce reduces the strength of his support and ties to the community. However, this assertion takes for granted that he has lived in Broward County, Florida for over twenty (20) years prior to his arrest, has friends, colleagues, and other strong ties apart from his immediate family. Further, although residing well north of Florida, Mizrachy has siblings and parents who are supportive.

26. The D.O. likewise indicates that since being arrested Mizrachy has "lost parental custody," "is no longer employed," and is "in the process of a divorce" which has "shortened" his ties to the community. *Id.* These facts, however, fall <u>far short</u> of establishing danger to the community by clear and convincing evidence. What is more, they are unsupported by the evidence presented at the detention hearing. As previously stated, the Bondsman indicated that Mizrachy maintains the support of his mother, father, and two siblings who will "stand behind him" and co-guaranteed bond in the state case. [DE11:27-30].

27. Further, as to whether Mizrachy is a flight risk, the D.O. indicates merely that the Court finds by a preponderance of the evidence that Defendant poses a risk of flight." *Id.* at ¶ 4. However, there are no factual findings that support a risk of flight determination.

28. Instead, the evidence refutes such a finding. To that end, Mizrachy has been intentionally left at large while the investigation of charges has been pending in the state case for at least five (5) months and he has done nothing apart from comply with all conditions and terms of bond following his voluntary surrender. Further, apart from isolated travel for pleasure to the Bahamas in the last ten years, there is no indication that Mizrachy has access, ties, or other contacts in foreign jurisdictions. Moreover, Mizrachy has been cooperative with law enforcement and gave a lengthy statement to law enforcement when the case arose. There is no indication that he intends to flee the jurisdiction from the evidence before the Magistrate. Mizrachy has surrendered his passport.

29. The D.O. does not contain sufficient factual findings to support a determination of danger by clear and convincing evidence and/or a flight risk by preponderance of the evidence. Accordingly, Mizrachy objects to the D.O., and requests reasonable bond on terms that are adequate to secure his appearance and protect the community, including pretrial release,

    imposition of a curfew, GPS monitoring, strictly limited access to computers and/or cellular devices and/or the internet, and no contact with minors.

30. Attached and incorporated into this Petition for Review is a copy of the detention hearing transcript [DE 11].

MEMORANDUM OF LAW

"The Bail Reform Act of 1984 provides a federal court with two choices when dealing with a criminal defendant who has been charged with an offense and is awaiting trial." *Reno v. Koray*, 515 U.S. 50, 57 (1995). The court may either release a defendant on appropriate conditions or detain the defendant. *Id.* However, in determining whether detention is appropriate courts must be mindful that "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *See United States v. Salerno*, 481 U.S. 749 755 (1987). "Under the Bail Reform Act, [an accused] may be detained pending trail only if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See United States v. Bivins*, 2011 U.S. Dist. LEXIS 59302 *2 (M.D. Ga. Jun. 3, 2011).

Further, the finding of "dangerousness" must be "supported by clear and convincing evidence." *Id.* "Clear and convincing evidence of dangerousness exists when the evidence induces an abiding conviction that the truth of its factual contentions are highly probable." *See United States v.* Downs, 406 F. Supp. 3d 1314, 1316 (N.D. Fla. 2019). Although the government need not prove a 100% likelihood of danger, they must show a probable and substantial risk of harm. *Id.* Section 3142(e) provides a number of circumstances under which a court may "presume" that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(e) (2020).

7

The circumstances prescribed in subsection 'e' are inapplicable to the instant case and accordingly there is no "presumption" of danger or risk of flight for Mizrachy to overcome.

In determining whether an accused presents a danger and/or risk of flight, a court must consider statutory factors set forth in subsection 'g' of § 3142:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*See* 18 U.S.C. § 3142(g) (2020). As previously stated, a court determining bail must always be mindful that "liberty is the norm" and detention is a "carefully limited exception." *United States v. Ingram*, 415 F. Supp. 3d 1072, 1077 (N.D. Fla. Dec. 2, 2019). It is worth reiterating, however, that "the policy of the Bail Reform Act of 1984 is to permit release under the least restrictive condition compatible with assuring the future appearance of the [accused] and the safety of the community." *Id. See also United States v. Price*, 773 F. 2d 1526, 1528 (11th Cir. 1985) (emphasizing that bail should be granted and on the least restrictive terms necessary to ensure the purpose of the Bail Reform Act is fulfilled); *United States v. Rodriguez-Sanchez*, 2019 U.S. Dist. LEXIS 192403,*3-4 (M.D. Fla. Nov. 5, 2019) (reiterating that bail should be the norm, while detention the exception); *United States v. Azmat*, 2013 U.S. Dist. LEXIS 66469, *2 (S.D. Ga. May 9, 2013) ("The Bail Reform Act [] is intended to favor pretrial release.").

In the instant case, applying the above stated precedent, and applying the factors specifically delineated in subsection 'g' of § 3142 it is clear that the order of detention in this matter was in error. First, although the offenses alleged are serious, there are no allegations of physical violence and it has not been argued that Mizrachy took advantage of his position as a physician (working with minor children) or as a caretaker of minor children to perpetrate sexual offenses against children. Although Mizrachy did have access to minor children in his personal and professional life, law enforcement investigated thoroughly and found no allegation that Mizrachy had acted physically inappropriate with any minor in his circle of contact. Instead, Mizrachy allegedly possessed pornographic images and communications, in which he was not involved or featured. These facts are highly relevant, particularly in considering the potential danger to minors in the community if Mizrachy is permitted to remain at liberty pending trial.

Next, Mizrachy asserts that his history and characteristics weigh in favor of release. Mizrachy has no prior criminal history and has never been arrested or convicted of a criminal offense. Further, he has been a licensed physician for over twenty (20) years and has no complaints against his license or disciplinary action in his profession. His mother and father are still living, and Mizrachy has a brother and sister all of whom reside in New Jersey and New York. However, his family is close and supportive. Although he is now divorced from his wife of approximately twenty (20) years, this does not reduce the fact that he still has substantial ties to the *community* and a support system of friends, associates, and colleagues in south Florida. He has been a resident of south Florida for over twenty years and has no ties to any foreign jurisdiction. Similarly, his passport has already been surrendered to counsel since his arrest on the state case in January 2021.

Although Mizrachy has no arrest history for comparison as to "failure to appear," he did have a stipulation with Broward County State Attorney's Office to remain at large during the

9

investigation and then on bond after a voluntary and stipulated surrender for approximately two (2) months without any issue, which is noteworthy. Mizrachy has already established that he does not intend to flee the jurisdiction and that he intends to defend the charges against him and appear in his own defense. He hired private counsel after the execution of a state search warrant in October 2020.  Mizrachy has also established that he is amenable to conditions of bond such as supervision, restrictions on amenities and location, and other standard conditions of pretrial release. No new allegations have been uncovered since Mizrachy was arrested in the state case, and no material change in circumstances has occurred which would support a finding that Mizrachy presents a danger or flight risk at the present time.  Therefore, the government has failed to meet the requisite standards at issue for detention in this matter.

## CONCLUSION

**WHEREFORE**, Mizrachy prays this Honorable Court: (a) sustain these objections to the Detention Order; (b) review the order previously entered; (c) vacate the Detention Order; (d) order that Mizrachy shall be released on reasonable bond; and (e) grant any and all other relief deemed just and necessary under the circumstances, as there are a combination of pre-trial release conditions that will assure the safety of the community, and negate any risk of flight.

    Respectfully Submitted,
    **RICHARD MERLINO, ESQ.**
    101 N.E. Third Avenue, #110
    Fort Lauderdale, Florida 33301
    Telephone: (954)745-7497
    Email:  richmerlinoesq@gmail.com

    By:  */s/ Richard A. Merlino*
        Richard A. Merlino
        Florida Bar:  977640

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing motion has been electronically filed and served upon all named parties via EM/ECF on this 10th day of March 2021.

By: */s/ Richard A. Merlino*
Richard A. Merlino